DocuSign Envelope ID: E37E4EB7-F178-4D8B-B8C9-CA5542B2F54E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TENZIN DAKTEN,**<br><br>                  Plaintiff,<br><br>v.<br><br>**165 EMMUT PROPERTIES LLC, EMMUT PROPERTIES CORP.,** and **JOHN YOUNG,** an individual,<br><br>                  Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Plaintiff Tenzin Dakten worked as a building superintendent (or resident "janitor") for Defendants' apartment building for approximately three years. During this time, he was not paid any wages at all.

2. Plaintiff brings this action, by and through his attorneys, against Defendants Emmut Properties Corp. and John Young, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Labor Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

DocuSign Envelope ID: E37E4EB7-F178-4D8B-B8C9-CA5542B2F54E

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' residential building located at 165 East 89th St., New York NY, and Defendants' headquarters are located at 521 West 48th Street, Suite 1A New York, NY 10036.

## PARTIES

### Defendant 165 Emmut Properties LLC

6. Defendant **165 Emmut Properties LLC** (hereinafter "the LLC") is a New York LLC whose DOS Process address is listed with the NYS Department of State as 521 West 48th Street, Suite 1A, New York, NY 10036

7. The LLC owns, manages and/or operates a residential building located at 165 East 89th St., New York NY, which is the residential building at issue with which Plaintiff was affiliated.

8. At all relevant times, the LLC had annual gross revenues in excess of $500,000.

9. At all relevant times, the LLC was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all times material to this action, the LLC was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

### Defendant Emmut Properties Corp.

11. Defendant **Emmut Properties Corp.** (hereinafter "Emmut") is a New York corporation whose principal place of business is located at 521 West 48th Street, Suite 1A New York, NY 10036. Its DOS Process agent is listed with the NYS Department of State as John Young with an address of 626 10th Ave, Ste 1A, New York, NY 10036.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 2

12. Defendant Emmut Properties Corp. manages and/or operates the residential building located at 165 E 89th St., New York NY, which is the residential building at issue with which Plaintiff was affiliated.

13. At all relevant times, Defendant Emmut had annual gross revenues in excess of $500,000.

14. At all relevant times, Defendant Emmut was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At all times material to this action, Defendant Emmut was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

16. The two corporate entities were part of a single integrated "enterprise" as that term is understood within the FLSA context. Their operations are interrelated and they share common management and ownership.

**Defendant John Young**

17. Defendant John Young, an individual, resides in New York, upon information and belief.

18. At all times material to this action, Defendant Young actively participated in the business of the corporate defendants.

19. At all times material to this action, Defendant Young exercised substantial control over the functions of the enterprise's employees including Plaintiff. Specifically he directed his day to day activities, hired him, fired him, set the terms and conditions of his employment.

20. At all times material to this action, Defendant Young was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and by the NYLL.

21. Defendant Young has an ownership interest in and/or is a shareholder of the LLC.

22. Defendant Young is one of the ten largest shareholders of the LLC.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 3

23. Defendant Young has an ownership interest in and/or is a shareholder of Emmut.

24. Defendant Young is one of the ten largest shareholders of Emmut.

**Plaintiff Tenzin Dakten**

25. Plaintiff Tenzin Dakten is a resident of New York.

26. Plaintiff Tenzin Dakten worked as a building superintendent or resident janitor at 165 East 89th Street from May 5, 2019 to June 30, 2022.

27. The building located at 165 East 89th Street in Manhattan is listed with the New York City department of Housing Preservation and Development as being a 70 unit residential apartment building.

28. At all times material to this action, Plaintiff Dakten was an "employee" within the meaning of 29 U.S.C. § 203(e).

29. Plaintiff's primary supervisor was Defendant John Young.

30. While working in this capacity, Defendants did not ask Plaintiff Dakten to, nor did he, record his time worked in any way.

31. Plaintiff was responsible for "Cleaning and maintenance, including the making of minor repairs; the furnishing of heat and hot water, where supplied from a central source; the removal of garbage, refuse, ashes and wastes from the premises; and the removal of snow, ice, dirt and other matter from the sidewalk and gutter."

32. In addition to the standard work duties associated with being a residential janitor in an apartment building, especially toward the end of his employment Mr. Dakten was also required to perform duties that are outside the scope of what is expected from a building janitor. Specifically, he had to do construction work and help with building renovations.

33. In addition to actively performing duties associated with the job, Mr. Dakten was also

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 4

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

DocuSign Envelope ID: E37E4EB7-F178-4D8B-B8C9-CA5542B2F54E

DocuSign Envelope ID: E37E4EB7-F178-4D8B-B8C9-CA5542B2F54E

expected to be actively "on duty" during most daytime hours. In addition, he is expected to be "on call" all the time, day and night. During the time he is "on call," some of the time he actively responds to issues (such as late night plumbing problems or the like). Sometimes this would be just for a little while; others, it was much longer. That being said, much of the "on call" time was "down time," when he was not actively responding to tenants' needs. Regardless, he was expected to respond immediately should any issues arise. He could not truly use his time effectively for her own purposes during this on call time. Defendants did not provide any kind of or backup worker or relief schedule of any kind that would have permitted him to have been fully off duty.

34. The quantity of hours he worked would depend on which hours are deemed to be compensable. It would be Defendants' affirmative obligation to prove certain hours of the day were noncompensable.

35. Plaintiff was either actively performing work or he was in a state of being "engaged to wait" for the majority of hours of every week.

36. Defendants did not pay the Plaintiff any wages or monetary compensation at all.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

37. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

38. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 5

DocuSign Envelope ID: E37E4EB7-F178-4D8B-B8C9-CA5542B2F54E

### *Failure To Pay Time Overtime*

39. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Improper Deductions for Board, Lodging, or Other Facilities*

40. Defendant made improper deductions to Plaintiff's pay for "board, lodging, or other facilities" in contravention of 29 U.S.C. § 203(m), 29 C.F.R. §§ 531.29-33.

### *Record-Keeping Failures*

41. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

42. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

43. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

44. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 6

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Minimum Wage (& Overtime)*

47. Assuming Plaintiff qualified as a "janitor" as defined by 12 CRR-NY § 141-3.4, Defendants failed to pay Plaintiff at or above the "unit rate" minimum wage as set forth in § 141-1.2.

48. In the alternative, Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652 and failed to compensate Plaintiff at a rate of one and one half times his normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Failure To Pay Wages At Prescribed Frequency*

49. The frequency of Plaintiff's pay (or lack thereof) was improper pursuant to NYLL § 191.

50. Plaintiff was a "manual worker" as that term is defined in NYLL § 190(4).

51. Plaintiff was not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

52. Plaintiff was not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

53. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

54. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 7

### *Failure to Provide Pay Stubs / Wage Notices*

55. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

56. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. § 141-2.2.

### *Record-Keeping Failures*

57. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

58. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

59. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 8

*Damages*

60. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff statutory damages pursuant to NYLL §§ 195, 198;

(E) Award Plaintiff interest;

(F) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **25th** day of **January, 2023.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 9

## VERIFICATION

**I declare under penalty of perjury under the law of New York that the foregoing Complaint is true and correct.**

Executed on _____1/24/2023_____ at _____
                                 (date)                                       (city or other location, and state)

Tenzin Dakten

*DocuSigned by:*
Tenzin Dakten
918387F390AA4E4...

_____      _____
          Printed Name of Plaintiff                                 Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Dakten v. Emmut*
USDC, Southern District of New York

Complaint
Page 10