

June 25, 2024

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007
VIA ECF ONLY

**APPLICATION GRANTED
SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 6/26/2024

The case is hereby STAYED, and all discovery deadlines are hereby adjourned sine die. The parties shall file a joint status letter by October 1, 2024. SO ORDERED.

        Re:     Tenzin Dakten v. 165 Emmut Properties LLC, et al.; 1:23-cv-639 (VSB)
                JOINT MOTION FOR STAY OF PROCEEDINGS

Your Honor:

Counsel for the parties jointly request that the case as a whole be put on a stay pending the outcome of an appeal in a semi-related proceeding.

This is a wage claim filed by a former building superintendent ("Dakten") against the building owners/managers ("Emmut"). In housing court, relevant here, Emmut initiated an action against Mr. Dakten for use and occupancy of the apartment he had lived in and, they allege, continued to use without paying rent for quite some time after they fired him from his alleged role as a building super. The trial court has issued Emmut a judgment in an amount in excess of $50,000. Dakten has filed an appeal, pro se. His deadline to complete the filing of his brief is July 9. In August, the court is expected to let Dakten know the hearing date, which is likely to be in September or October. It is unknown how long for a ruling to be issued but our understanding is that rulings are made within the same "term" and therefore would not drag on for years.

The reason the parties are making this joint request is due to the pending judgment/appeal being the primary obstacle to the parties being able to come to a settlement in regard to the wage claims at issue in this federal case. If the case is not put on a stay, the parties will have to engage in the next round of intensive discovery such as more written discovery and at least one more deposition. This would seem to be a waste since the parties essentially have a good idea of what the issues are and are willing in principle to resolve them amongst themselves, but for this appeal issue. The current discovery deadline is August 30 and we have tentatively scheduled the referenced deposition to occur on July 12.

We therefore jointly ask that all deadlines, including the discovery close deadline, be adjourned sine die, and that the parties provide a status report by, at the latest, October 1.

Thank you for your time and consideration in this matter.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*
Counsel for Plaintiff